IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| ORLANDO LEWAYNE PILCHER, | * |
| Reg #12165-042 | * |
| | * |
|       Petitioner, | * |
| v. | *      No. 2:18cv00159-JM-JJV |
| | * |
| GENE BEASLEY, Warden, | * |
| FCI – Forrest City, | * |
| | * |
|       Respondent. | * |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.	Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.	PROCEDURAL HISTORY**

On October 31, 2005, Petitioner pled guilty to two counts of Distribution of Crack Cocaine, in violation of 21 U.S.C. 841(a) and (b)(1)(A), in the Northern District of Mississippi. *United States v. Pilcher*, No. 4:05-cr-00034-SA-JMV-1 (N.D. Miss), Doc. No. 31. The Court imposed judgment on March 8, 2006, sentencing him to 300 months of incarceration to be followed by five years of supervised release. *United States v. Pilcher*, No. 4:05-cr-00034-SA-JMV-1 (N.D. Miss), Doc. No. 38 at 1. Mr. Pilcher did not pursue an appeal of the conviction. *Pilcher v. United States*, 2011 WL 6826505, at *1 (N.D. Miss. Dec. 28, 2011). However, in October 2011, over five years after his conviction, Mr. Pilcher filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 in the Northern District of Mississippi challenging his sentence. *Id*. The Court denied his Petition as untimely on December 28, 2011. *Id* at 2.

On November 17, 2011, while his first Petition was still pending, Mr. Pilcher filed another Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of

California, where he was incarcerated at the time. *Pilcher v. Pepper,* No. 2:11-cv-03044-CKD (E.D. Cal.), Doc. No. 1. This Petition was transferred back to the Northern District of Mississippi, where it was denied as successive. *Pilcher v. Pepper,* No. 4:11-cv-00136-SA-SAA (N.D. Miss), Doc. No. 18.

Now, Mr. Pilcher, an inmate at the Forrest City Low Federal Correctional Institute, seeks relief from this Court through the filing of another 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Doc. No. 2.) After careful consideration of the Petition, for the following reasons, I find this Court lacks jurisdiction and recommend the Petition be dismissed.

## II.   ANALYSIS

Mr. Pilcher raises just one claim in his Petition. He says he is challenging the validity of the evidence used against him at trial, specifically the instruments used against him for his "arrest, restraint and detainment (the indictment/arrest warrant)". (Doc. No. 2. at 3.)

Although he initiated this cause of action as a 28 U.S.C. § 2241 habeas corpus petition, all of Mr. Pilcher's claims relate to his conviction and sentence from the Northern District of Mississippi. And inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 petition to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir.

2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Based upon the arguments set forth in the Petition, it is clear that Mr. Pilcher is continuing to argue about the validity of his conviction and sentence, rather than the manner in which his sentence is being carried out.

As a purely practical matter, it is the burden of the prisoner to demonstrate that § 2255 relief in the sentencing court could would be unavailable or ineffective. *DeSimone*, 805 F.2d at 323 (quoting *Von Ludwitz v. Ralston,* 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)). In establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has clearly stated:

> Significantly, in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition. This court has held a § 2255 motion is not 'inadequate or ineffective' merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

The situation described in *Morrison* applies in this case. For this Court to be permitted to invoke jurisdiction over these claims, Mr. Pilcher must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill,* 349 F.3d at 1091. Having tried and failed at a § 2255 petition in the Northern District of Mississippi does not automatically render such a petition ineffective or inadequate as a matter of law. Mr. Pilcher could apply to the United States Court of Appeals for the Fifth Circuit for permission to file a successive § 2255 petition to present the claims he sets forth. Mr. Pilcher provides no cognizable justification for this successive petition that would allow me to evaluate his claims here.

Accordingly, this Court lacks jurisdiction and this Petition must be dismissed or transferred. And because Mr. Pilcher has already unsuccessfully sought § 2255 relief, he must petition the Fifth Circuit for the opportunity to file a second or successive petition before a transfer would be appropriate. Therefore, I recommend dismissal of his Petition rather than transfer.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 2) be dismissed for lack of jurisdiction.

DATED this 20th day of February 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE